# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RANDY LEE ZELLNER, | Case No. 1:10-cv-812 |
| Plaintiff, | Spiegel, J.<br>Bowman, M.J. |
| v. | |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff Randy Lee Zellner filed this Social Security Appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents six claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be REVERSED, because it is not supported by substantial evidence in the administrative record.

### I. Summary of the Administrative Record

On August 29, 2007, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), and for Supplemental Security Income ("SSI"), alleging a disability onset date of July 4, 2007. (Tr. 99-106). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On November 19, 2009, an evidentiary hearing was held, at which Plaintiff was represented by counsel. At the hearing, ALJ Donald G. Smith heard testimony from

1

Plaintiff, and from George Parsons, a vocational expert ("VE").  On January 6, 2010, ALJ Smith entered his decision denying Plaintiff's DIB and SSI applications.  (Doc. 5-2 at 10-22).  The Appeals Council denied his request for review.  Therefore, the ALJ's decision stands as the Defendant's final determination.

In the ALJ's "Findings," which represent the rationale of his decision, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011, that he has not engaged in substantial gainful activity since July 4, 2007, and that he has the following severe impairments: peripheral polyneuropathy, sleep apnea, and degenerative disk disease. (Doc. 5-2 at 15).  The ALJ further determined that none of Plaintiff's impairments, or combination thereof, meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§404.1520(d), 404.1525, 404.1526, 416.925 and 416.926. (*Id.*).  The ALJ next found that Plaintiff retains the residual functional capacity

> to perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).  Specifically, he can lift and/or carry a maximum of 10 pounds, sit for a total of 6 hours in an 8-hour workday, and stand and/or walk for a total of 6 hours in an 8-hour workday.  He can only occasionally balance, bend, stoop, kneel, crouch, crawl, or climb ramps and stairs.  He should never climb ladders, ropes or scaffolds.

(Doc. 5-2 at 16).

Plaintiff was 43 years old on the alleged disability onset date and 46 years old at the time of the ALJ's decision; he possesses a high school education.  (Doc. 5-2 at 19). Although the ALJ determined that Plaintiff could not perform his prior work, he concluded based upon testimony from the vocational expert that:

> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the

national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(Doc. 5-2 at 19). Therefore, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was not entitled to DIB or SSI.

On appeal to this court, Plaintiff maintains that the ALJ erred by: 1) failing to consider a treating physician's records and test results; 2) improperly weighing the treating physician's opinion; 3) failing to give "good reasons" for rejecting the treating physician's functional evaluation; 4) failing to include hand, arm and finger impairments; 5) inadequately assessing Plaintiff's pain and credibility; and 6) relying upon an improper hypothetical question.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for DIB or SSI benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920. A plaintiff bears the ultimate burden to prove by sufficient

evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a).

In this case, Plaintiff argues that the referenced six errors led the ALJ to erroneously conclude at Step 5 of the sequential analysis that Plaintiff was not disabled. I agree that the ALJ committed legal error, and that remand is required to remedy the error.

### B. Plaintiff's Assertions of Error

#### 1. The ALJ's Failure to Consider, and Rejection of, Dr. Zmora's Opinions

Plaintiff's first three assignments of error are interrelated, to the extent that each concerns the ALJ's review (or lack thereof) of the records and opinions of treating physician Dr. Oded Zmora. The relevant regulation concerning the opinions of treating physicians, 20 C.F.R. §404.1527(d)(2), provides: "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." *Id.*; *see also Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004). Despite the "controlling weight" ordinarily given to the opinion of a treating physician, the same regulatory framework permits an ALJ to reject a treating physician's opinion, provided that he or she states "good reasons" for doing so. *See* 20 C.F.R. § 404.1527(d)(2), §1527(d)(2).

In his first two assignments of error, Plaintiff argues that the ALJ simply did not review or consider Dr. Zmora's records and test results, and that the ALJ failed to accord his opinion "controlling weight" as required. As a third error, Plaintiff argues that the ALJ failed to give "good reasons" for rejecting Dr. Zmora's opinion concerning Plaintiff's functional abilities.

Defendant does not dispute that Dr. Zmora was Plaintiff's treating physician from July, 2008 until September 2009, and that the ALJ incorrectly stated that Dr. Zmora was not a treating physician. Despite acknowledging this key error by the ALJ, however, Defendant contends that the error was harmless. I disagree.

At the evidentiary hearing, Plaintiff's counsel provided the ALJ with a copy of Dr. Zmora's treatment records (Tr. 335-365), explaining that Dr. Zmora was a treating physician who had ordered a functional capacity evaluation to be performed by a physical therapist at the Center for Physical Therapy. (Tr. 26). Counsel specifically requested that the ALJ "hold the record open" until Plaintiff received back from Dr. Zmora one additional record - a written statement by that physician either adopting or rejecting the assessment completed by the physical therapist. (Tr. 27). In response, the ALJ agreed to consider any records submitted prior to the date of his written decision. (*Id.*).

The functional capacity assessment ordered by Dr. Zmora was completed by a physical therapist, Ms. Schuller, following an examination on November 17, 2009. Ms. Schuller opined that Plaintiff could perform only "part time sedentary work." (Tr. 333). Dr. Zmora reviewed the limitations set forth by Ms. Schuller, and expressed agreement with those limitations in a two-sentence statement dated November 18, 2009, submitted to the ALJ shortly after the hearing. (Tr. 331). The ALJ did not discuss any of Dr. Zmora's treatment records, but instead summarily dismissed Dr. Zmora's short statement adopting the therapist's functional limitations as follows:

> [T]he undersigned places little weight on the November 18, 2009 concurrence of Ms. Schuller's evaluation report by Oded Zmora, M.D. ... Dr. Zmora did not provide any reasoning or support for his concurrence, nor does it appear that Dr. Zmora has treated or actually performed a physical examination of the claimant.

6

(Doc. 5-2 at 18).

The ALJ's basis for dismissing the opinion of Dr. Zmora was clearly erroneous, to the extent that the ALJ failed to recognize Dr. Zmora's role as a treating physician. In failing to acknowledge Dr. Zmora as a treating physician, the ALJ failed to give his opinion "controlling weight." In addition, by failing to reference nearly 30 pages of treatment records from Dr. Zmora, the ALJ appears to have overlooked or neglected to review those critical treatment records. Because the ALJ's reasons for discrediting Dr. Zmora's opinion were based upon the ALJ's mistaken impression that Dr. Zmora had never examined or treated Plaintiff, the ALJ's stated basis for rejecting the opinion does not satisfy the "good reasons" standard.

Although the ultimate determination of disability is reserved to the Commissioner, Dr. Zmora's opinions were entitled to "controlling weight" to the extent they were "well-supported." By contrast, "if the treating physician's opinion is not supported by objective medical evidence, the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for [his] rejection." *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003); *see also* 20 C.F.R. §1527(d)(2). Like the ultimate determination of disability, the determination of a plaintiff's residual functional capacity ("RFC") is reserved to the Commissioner. *See* 20 C.F.R. §§404.1527(d)(2), 1527(e)(2). An ALJ must give controlling weight to the opinions of treating physicians, but where conclusions are not substantiated by objective evidence, the ALJ is not required to credit those conclusions. *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284, 287 (6th Cir. 1994).

Here, the ALJ expressly found that Dr. Zmora provided no support for his opinions concerning Plaintiff's RFC and disability status, but the record demonstrates some support

7

for Dr. Zmora's opinions in his clinical notes and records. Dr. Zmora began treating Plaintiff in July 2008. He diagnosed Plaintiff with hypertension (stable), sleep apnea, peripheral vascular disease, polyneuropathy, polycythemia, and chronic and severe alcoholic liver disease. (Tr. 338, 345, 348). An objective vascular test ordered by Dr. Zmora in April 2009 noted that Plaintiff had claudication in his left leg with "moderate" arterial insufficiency, upon walking 300 feet. (364-365). In September 2009, Plaintiff reported leg pain to Dr. Zmora after walking 500-600 feet. (Tr. 338). Plaintiff repeatedly complained of leg pain to Dr. Zmora. (Tr. 338, 343, 345, 351, 352).

Although Defendant argues that Dr. Zmora's records do not support the extreme functional limitations found by the therapist and Dr. Zmora, it is difficult for this Court to determine that substantial evidence supports the ALJ's opinion when there is no evidence that the ALJ ever saw or considered any of Dr. Zmora's clinical records or the vascular test. This Court's review of the Commissioner's decision is constrained by "the substantial evidence standard in terms of the... final decision as expressed" - not as it might have been expressed had the ALJ fully considered all the relevant evidence. *See e.g., SEC v. Chenery Corp.,* 318 U.S. 80, 93-96 (1943); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Defendant urges this Court to find that the errors in the ALJ's failure to review Dr. Zmora's records and failure to acknowledge his role as a treating physician were harmless. Defendant places great emphasis on the ALJ's conclusion that Dr. Zmora "did not provide any reasoning or support for his concurrence" with Ms. Schuller's RFC assessment. While it is true that Dr. Zmora's statement adopting the RFC assessment itself provides no reasoning or support, focusing on that single statement merely underscores the ALJ's

8

failure to review 30 pages of clinical treatment records which arguably provide some support for Dr. Zmora's opinions. Taken as a whole, the errors in the ALJ's analysis amount to a lack of "good reasons" for failing to provide those opinions "controlling" weight. *See Rogers v. Commissioner*, 486 F.3d 234, 242-243 (6th Cir. 2007); *see also Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009).

Defendant also argues that the ALJ's non-disability finding was supported by the assessment of a non-examining consulting physician, Dr. Boltz, who reviewed Plaintiff's medical records in November 2007. (Tr. 247-254). However, the date of Dr. Boltz's records review, shortly after Plaintiff filed his applications for benefits, pre-dates at least one objective test and most of Plaintiff's treatment records, including all of those submitted by Dr. Zmora. A second non-examining consultant, Dr. Starr, later reviewed and affirmed Dr. Bolz's assessment, (Tr. 262), but Dr. Starr's opinion suffers from the same infirmities. Moreover, the ALJ did not adequately consider or explain whether or why the opinions of these non-examining consultants should be adopted over the opinion of the treating physician. *See Blakley v. Commissioner of Social Security*, 581 F.3d 399, 408-409 (6th Cir. 2009). A third consultant, Dr. Fritzhand, examined Plaintiff and opined that Plaintiff could do a "mild amount" of sitting and standing. However, Plaintiff argues that a "mild" amount should translate into less than the 6 hours of sitting and standing that the ALJ found Plaintiff could perform. In any event, the ALJ gave Dr. Fritzhand's opinions only "some" weight.

Defendant contends that by failing to directly challenge the ALJ's rejection of Ms. Schuller's RFC assessment, Plaintiff has waived any argument that the ALJ erred in rejecting that RFC assessment. I disagree. Plaintiff clearly is challenging the ALJ's rejection of the RFC insofar as the evaluation was ordered by Dr. Zmora, adopted by Dr.

Zmora after review, and allegedly supported by Dr. Zmora's clinical records and objective tests. Considered in context, it would be inappropriate to construe Plaintiff's arguments concerning the ALJ's rejection of the RFC as a waiver of all arguments relating to Ms. Schuller's RFC assessment.[1]

### 2. Hand, Arm and Finger Impairments

Plaintiff's fourth assignment of error concerns Plaintiff's alleged hand, arm and finger limitations. In a one-time consultative examination of Plaintiff in February 2008, Dr. Martin Fritzhand found absent Achilles reflected bilaterally, and diminished pinprick and light touch over the forearms, hands, legs and feet. (Tr. 256-258). Nevertheless, Dr. Fritzhand opined that Plaintiff would have "no difficulty reaching, grasping, or handling objects" (Tr. 257). By contrast, other medical records noted that Plaintiff complained of loss of sensation in his hands and arms in August of 2007 (Tr. 217-218, 355), and an EMG showed some problems in Plaintiff's arms (Tr. 237). The therapist's RFC form, adopted by Dr. Zmora, also found limitations in Plaintiff's ability to use his hands, arms, and fingers. (Tr. 333).

The ALJ stated that he was giving "some weight" to Dr. Fritzhand's examination, and to the additional paper reviews performed by non-examining state consultants. However, the ALJ found no limitations in assessing Plaintiff's abilities to use his hands, arms, and fingers.

The evidence to support any functional limitations on Plaintiff's use of his arms,

---

[1] The ALJ specifically rejected Ms. Schuller's opinions because she was not Plaintiff's treating physical therapist, and because "her conclusions are based almost exclusively on the claimant's subjective complaints with little objective medical support." (Tr. 17). However, as discussed *infra*, Ms. Schuller's RFC assessment was supported to some extent by Dr. Zmora's records, which the ALJ appears to have overlooked.

hands or fingers is far from overwhelming. Nonetheless, because of the possibility that the ALJ's underlying error in assessing Dr. Zmora's clinical records and opinion also infected the assessment of this evidence, it is appropriate to include instructions on remand to reconsider the record evidence of any limitations in Plaintiff's use of his forearms, hands, and fingers.

### 3. Pain and Credibility, and Plaintiff's Alleged Alcoholism

In his fifth assignment of error, Plaintiff complains that the ALJ improperly discounted his credibility. It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 247 (6th Cir. 2007)(citations omitted). Of course, the ALJ's credibility determination must still be supported by substantial evidence; he is not free to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." *Rogers,* 486 F.3d at 247. When a claimant's complaints are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints "based on a consideration of the entire case record." *Id.* Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant while inconsistency, although not necessarily defeating, should have the opposite effect. *Id.* When evaluating complaints of chronic pain, credibility is "a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters v. Comm'r of Social Sec.,* 127 F.3d at 531.

Plaintiff testified that his feet and legs and hands all become numb over the course

of a day, but at the hearing he denied any associated pain. (Tr. 32-34). He testified that he spends most of the day in a reclining chair with his feet up, and watches TV. (Tr. 38, 46). However, he drives, cooks, cleans, and goes to the grocery store with his mother. (Tr. 37, 47-48).

In discounting Plaintiff's testimony that he is unable to work, the ALJ noted that the "only" objective evidence in the record - a July 2007 EMG - did not support Plaintiff's allegations but instead showed only "mild to moderate" polyneuropathy most likely related to Plaintiff's alcohol abuse and/or a folate deficiency. (Tr. 15, 17, 237). In addition, the ALJ noted that Plaintiff's treatment records did not reflect the level of pain and limitations to which he testified at the administrative hearing. (Tr. 17). The ALJ cited in particular a dental health history form completed by Plaintiff in October 2008 where he stated that he was "in good health" on a form submitted to his dentist, despite having polyneuropathy. (Tr. 267).

Defendant argues that the ALJ's credibility finding is further supported by Dr. Zmora's clinical records. As previously noted, however, Dr. Zmora's records also reflect that Plaintiff frequently complained of leg pain. (*See, e.g.*, Tr. 338, 344, 345, 351, 352). Dr. Zmora's records also contain a second piece of objective evidence not considered by the ALJ - the vascular study performed in April 2009. That study showed a .73 blood flow in the left leg with claudication on walking. (Tr. 364-365). Contrary to Defendant's argument, this Court cannot affirm based upon evidence not considered by the ALJ.

The ALJ clearly discounted Plaintiff's complaints in part based upon Plaintiff's failure to stop drinking. Plaintiff argues that while he admittedly drinks beer and smokes, there was no evidence, as is required under 20 C.F.R. §404.1535, that his impairments would

improve if he ceased those activities.

While the ALJ did not specifically find alcohol abuse as a severe impairment, Plaintiff's medical records are replete with references to, and/or diagnoses of, Plaintiff's chronic and long-term alcohol abuse.[2] Dr. Zmora diagnosed Plaintiff with alcoholic liver disease, and urged him to stop or reduce his alcohol consumption, apparently to little effect.[3] (Tr. 338, 345, 348, 350, 351, 354, 359). Dr. Fritzhand also suspected a history of ethanol abuse and poor nutrition. (Tr. 255-57). Consulting reviewer Dr. Starr also noted that while Plaintiff continued to deny alcohol abuse, "such [abuse] would be [the] common denominator for all findings" including Plaintiff's folate deficiency, weight loss, malnourishment, and peripheral neuropathy. (Tr. 262). Plaintiff also testified that his doctors had told him that his alcohol consumption might be causing his neuropathy, and that he had been counseled to stop drinking but had not done so. (Tr. 42).

Defendant asserts that Plaintiff's refusal to comply with medical recommendations to stop drinking or to reduce his alcohol consumption "raised doubts about the alleged severity of Plaintiff's pain and other symptoms." *See* Soc. Sec. Ruling 96-7p (holding that credibility may be negatively impacted by a failure to follow treatment as prescribed when there is no good reason for that failure). The ALJ specifically noted that Plaintiff's "doctors have ...hypothesized that the claimant's alcohol consumption may also be a reason for his condition...[and]...have encouraged him to stop drinking, which has not occurred...." (Doc. 5-2 at 17). Certainly, multiple medical records suggest that Plaintiff's alcohol abuse may

---

[2] Plaintiff testified at the hearing that he had been cited for a "DUI" at the age of 16. (Tr. 43).

[3] On November 10, 2008 (Tr. 350), Plaintiff advised his doctor that he had reduced his drinking from four beers per day to three, but at the hearing he reported that his intake was again "probably four" beers per day. (Tr. 42-43).

be the root of his difficulties, implying that a cessation of his drinking *might* have an effect on his neuropathy symptoms. (Tr. 188, 214, 338, 345, 350, 351, 354). Defendant argues that the ALJ properly "looked at Plaintiff's refusal to stop drinking as a refusal to comply with a straightforward treatment course that could easily have alleviated his neuropathy and corresponding symptoms." (Doc. 8 at 15). However, no medical source specifically opines that Plaintiff's symptoms would abate if he ceased drinking, and the ALJ made no such determination.

More importantly, although the Commissioner's regulations permit noncompliance with prescribed medical treatment to be considered in the context of a credibility analysis "when there is no good reason" for noncompliance, specific regulations apply to the extent that the Commissioner would deny benefits based upon a finding that a plaintiff's symptoms are *attributable* to substance abuse. A 1996 amendment to the Social Security Act states that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addition would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §423(d)(2)(C). The regulations that implement this legal standard carefully set forth the sequential evaluation process to be followed whenever the issue of substance abuse presents itself. Under the relevant regulations, an ALJ must *first* determine whether a claimant suffers from a disability under 20 C.F.R. §416.920, before proceeding - if necessary - to a determination of whether the substance abuse is a "contributing factor to the determination of a disability." 20 C.F.R. §416.935. In this instance, Defendant's argument suggests an improper reversal of the sequential analysis required by 20 C.F.R. §§404.1535, 416.935. *See e.g., Williams v. Barnhart*, 338 F. Supp.2d 849, 862 (M.D.

Tenn. 2004)(reversing where the ALJ improperly considered claimant's cocaine addition as detracting from the credibility of her complaints of seizure activity and other symptoms); *Brueggemann v. Barnhart*, 348 F.3d 689, 693-95 (8th Cir. 2003). It constitutes legal error to "discount" impairments based upon substance abuse when calculating the "gross" total of a claimant's limitations. *Id.*

When drug and alcohol abuse play a role in symptoms, the symptoms or limitations, but not the cause, can and should be considered in making a determination of disability under 20 U.S.C. §416.920. If the gross total of limitations, including those caused by substance abuse, results in a finding of non-disability, the analysis stops and the ALJ need not factor out any limitations caused by the substance abuse. On the other hand, if the gross total leads to a finding of disability, then and only then should the ALJ turn to the referenced regulatory framework to deduct those limitations attributable to substance abuse. *Accord Trent v. Astrue*, 2011 WL 841538 *3 (N.D. Ohio March 8, 2011)("if the ALJ...determines that a claimant is disabled with substance abuse, the ALJ must then proceed to conduct a second five-step analysis ...to determine if the claimant would still be disabled without the substance abuse."). In this case, the ALJ's repeated references to Plaintiff's alcohol abuse skirt very close to, if not over, the line between an appropriate credibility analysis, and an inappropriate factoring in of substance abuse in the course of evaluating a plaintiff's symptoms.

In one final argument relating to the ALJ's evaluation of his credibility, Plaintiff complains that the ALJ failed to discuss or consider the specific factors set forth under §404.1529 and Soc. Sec. Ruling 96-7p required to assess Plaintiff's subjective complaints of pain, such as Plaintiff's use of strong pain medications, restricted daily activities, and

"other methods" of dealing with his neuropathic leg pain, such as elevating his legs. In evaluating complaints of disabling pain, the fact-finder will first examine "whether there is objective medical evidence" that "confirms the severity of the alleged pain" or "can reasonably be expected to produce the alleged disabling pain." *Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "[I]f disabling severity cannot be shown by objective medical evidence alone, the Commissioner will also consider other factors, such as daily activities and the type and dosage of medication taken." *Id.* (citing 20 C.F.R. §404.1529(c)(3)).

Defendant does not deny that the ALJ failed to discuss the referenced factors, but argues that the credibility finding nevertheless was supported by substantial evidence, including evidence that Plaintiff refused to curb his drinking. This Court recognizes that "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters,* 127 F.3d at 531. A credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir. 2001). That said, because remand is required in this case based upon other errors, and given the potential influence of those errors on the ALJ's credibility assessment and the Court's concern regarding the ALJ's assessment of Plaintiff's alcohol abuse, the Court will instruct the ALJ to re-evaluate Plaintiff's credibility as part of the remand.

**4. Vocational Errors**

In his last assignment of error, Plaintiff argues that the ALJ improperly relied upon testimony from the Vocational Expert, when the ALJ provided a hypothetical question to the VE which failed to include limitations on Plaintiff's use of his hands, fingers, and arms, and

which failed to include Plaintiff's alleged need to elevate his legs for much of the day. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *See Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir. 2010). Again, while the overall evidence of additional limitations remains unclear, the ALJ's formulation of Plaintiff's RFC in this case was not supported by substantial evidence because the ALJ rejected Dr. Zmora's opinions without considering his records or test results, or the fact that he was a treating physician. Because the same error infected the hypothetical posed to the VE, reversal is required.

### III. Conclusion and Recommendation

Remand will provide appropriate relief on the record presented. A sentence four remand under 42 U.S.C. §405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher,* 17 F.3d at 175.

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1. The decision of the Commissioner to deny Plaintiff DIB and SSI benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. §405(g);

2. On remand, the ALJ should carefully reevaluate: a) the weight to be given to the opinions of treating physician, Dr. Zmora; b) whether the record demonstrates any additional limitations, including restrictions in Plaintiff's use of his hands, arms, and fingers; and c) Plaintiff's credibility, as more particularly instructed herein;

3. As no further matters remain pending for the Court's review, this case be **CLOSED.**

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RANDY LEE ZELLNER,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10-cv-812

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).