```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

RANDY LEE ZELLNER,           :      NO. 1:10-CV-812
                             :
     Plaintiff,            :
                             :
  v.                         :      **OPINION AND ORDER**
                             :
MICHAEL J. ASTRUE,           :
COMMISSIONER OF              :
SOCIAL SECURITY,             :
                             :
     Defendant.            :

This matter is before the Court on the Magistrate Judge's November 18, 2011 Report and Recommendation (doc. 10), to which no objections were filed. For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's recommended decision and ADOPTS the Magistrate Judge's Report and Recommendation in all respects, REVERSES the decision of the Administrative Law Judge as it was not supported by substantial evidence in the administrative record, and REMANDS this case for further proceedings consistent with this Opinion and the specific recommendations of the Magistrate Judge.

The procedural and factual background of this case are well-detailed in the Magistrate Judge's Report and Recommendation, and the Court will not reiterate it here. In brief, however, Plaintiff applied for disability insurance benefits and for supplemental security income on August 29, 2007, alleging disability since July 4, 2007 because of peripheral polyneuropathy, sleep apnea, and degenerative disc disease (doc. 10 at 1-2). On January 6, 2010, the Administrative Law Judge ("ALJ") issued a

decision denying Plaintiff's applications, a determination that Plaintiff subsequently unsuccessfully appealed (id. at 2). Plaintiff then sought review from this Court.  The Magistrate Judge reviewed the record and, in her November 18, 2011 Report and Recommendation, concluded that the ALJ erred in not reviewing or considering the records and test results of Plaintiff's treating physician, Dr. Oded Zmora; in failing to afford Dr. Zmora's opinion "controlling weight;" in not satisfying the "good reasons" standard for rejecting Dr. Zmora's opinion; in assessing Plaintiff's residual function capacity; in evaluating the medical evidence of record (particularly concerning Plaintiff's use of his forearms, hands, and fingers); in assessing Plaintiff's credibility (including, but not limited to, his "inappropriate factoring in of substance abuse in the course of evaluating Plaintiff's symptoms"); and in posing a hypothetical question to a vocational expert that did not include the information contained within the records and test results of Plaintiff's treating physician, rendering it unsupported by substantial evidence (id. at 7-10, 11, 15, and 17).

No objections to the Report and Recommendation of the Magistrate Judge were filed, and the Court finds no clear error in the record.  See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

On the contrary, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.  Accordingly, this Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10), REVERSES the decision of the ALJ that Plaintiff be denied disability insurance benefits and supplemental security income, REMANDS this matter (under sentence four of 42 U.S.C. § 405(g)) to the ALJ for proceedings consistent with this Opinion, and DISMISSES this case from the Court's docket.  Remand is appropriate in cases, as here, when there is insufficient evidence in the record to support the Defendant Commissioner's conclusion and further fact-finding is necessary.  See <u>Faucher v. Secretary of Health and Human Servs.</u>, 17 F.3d 171, 176 (6th Cir. 1994).  On remand, as the Magistrate Judge recommended, the ALJ should carefully reevaluate: (1) the weight to be given to the opinion of Plaintiff's treating physician Dr. Oded Zmora; (2) whether the administrative record reveals any additional limitations, including restrictions in Plaintiff's use of his forearms, hands, and fingers; and (3) Plaintiff's credibility, with particularly attention devoted to the admonition of the Magistrate Judge at pages 11-16 of her Report and Recommendation (doc. 10).

    SO ORDERED.

Dated: December 14, 2011    <u>/s/ S. Arthur Spiegel    </u>
    S. Arthur Spiegel
    United States Senior District Judge