```
                 UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

RANDY LEE ZELLNER,              :     NO. 1:10-CV-812
                                :
        Plaintiff,              :
                                :
   v.                           :     **OPINION AND ORDER**
                                :     **AWARDING ATTORNEY'S**
MICHAEL J. ASTRUE,              :     **FEES AND COSTS**
COMMISSIONER OF                 :
SOCIAL SECURITY,                :
                                :
        Defendant.              :

This matter is before the Court on the Motion by Plaintiff's Attorney for Fees and Costs under Equal Access to Justice Act, 28 U.S.C. Sections 2412(a) and (d) (doc. 13), the Government's memorandum in opposition (doc. 14), and Plaintiff's reply (doc. 15).  For the reasons indicated below, we GRANT the Motion by Plaintiff's Attorney.

**I.   BACKGROUND**

On December 14, 2011, this Court affirmed the November 18, 2011 Report and Recommendation of the Magistrate Judge (doc. 10).  She had concluded that the Administrative Law Judge ("ALJ") erred in not reviewing or considering the records and test results of Plaintiff's treating physician, Dr. Oded Zmora; in failing to afford Dr. Zmora's opinion "controlling weight;" in not satisfying the "good reasons" standard for rejecting Dr. Zmora's opinion; in assessing Plaintiff's residual function capacity; in evaluating the medical evidence of record (particularly concerning Plaintiff's use of his forearms, hands, and fingers); in assessing Plaintiff's

credibility (including, but not limited to, his "inappropriate factoring in of substance abuse in the course of evaluating Plaintiff's symptoms"); and in posing a hypothetical question to a vocational expert that did not include the information contained within the records and test results of Plaintiff's treating physician, rendering it unsupported by substantial evidence (id. at 7-10, 11, 15, and 17). No objections to the Report and Recommendation of the Magistrate Judge were filed, and we found no clear error in the record. On the contrary, we found the Magistrate Judge's Report and Recommendation to be well-reasoned, thorough, and correct, and thus we reversed the decision of the ALJ that Plaintiff be denied disability insurance benefits and supplemental security income and remanded this matter (under sentence four of 42 U.S.C. § 405(g)) to the ALJ. Plaintiff's attorney now brings the present motion, seeking attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (a) & (d). He requests an award in the amount of $3,937.00, representing 21 hours of work at an adjusted average rate of $170.00 plus costs of $367.00.

**II. ANALYSIS**

Plaintiff's attorney seeks an award of fees and costs on the bases that his client is a prevailing party in this cause of action, and the position of the United States in this litigation was not substantially justified (doc. 13 at 2, citing Shalala v. Schaefer, 509 U.S. 292 (1993)). Shalala confirms that, as here, "a

party who wins a sentence-four remand order is a prevailing party" for purposes of a fees and costs award under the EAJA. Id. at 301-02 (citing Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 791-92 (1989)). Plaintiff's attorney has attached to his motion an itemized report of the time he spent on this matter (doc. 13, first attachment). Also attached to the motion is a copy of the fee agreement between counsel and Plaintiff Zellner, a portion of which reads as follows:

> The federal court may award attorney fees to this attorney under the Equal Access to Justice Act, 28 U.S.C. Section 2412(d). These fees serve as a credit to any attorney fee which I must pay to this attorney for the work which he does on my case before the federal court and thus may reduce the attorney fee which I must pay this attorney for the work which he does on my case in the federal court only. In return for this, I assign any fees awarded under the Equal Access to Justice Act to this attorney.

(id., fourth attachment). Given this simple and direct language, as well as seeing his signature on the copy, we are satisfied that Plaintiff understands the purpose, and would approve the filing, of his attorney's motion. Recent Supreme Court authority requires us to clarify, however, that Plaintiff's attorney is not the proper movant. Astrue v. Ratliff, 130 S. Ct. 2521 (2010). Rather, Plaintiff himself must be regarded as the movant, as fees technically can only be awarded to the litigant, even though the litigant's attorney may have a beneficial interest in, or even a contractual right, to said fees. Id. at 2526-27. Thus, we proceed.

In its memorandum in opposition, the Government does not

argue that the Commissioner's position was substantially justified and thus an award of fees and costs under the EAJA is improper (doc. 14 at 1).  Rather, the Government challenges only the reasonableness of the hourly rate of $170.00 (id. at 2).  It urges that a rate of $125.00 per hour, at the 21 hours diaried, would reduce Plaintiff's fee award, plus $367.00 in costs, to $2,992.00.

   Citing Bryant v. Commissioner of Social Security, the Government maintains that Plaintiff has not met the required burden of proof somewhat recently clarified by the Sixth Circuit:

> In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. See Blum v. Stenson, 465 U.S. 866, 896.  Plaintiffs must 'produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' Id. at 895 n.11.

578 F.3d 443, 450 (6th Cir. 2009) (emphasis added).  Attaching to the original motion just the affidavit of his attorney, James Roy Williams, Esq., in which Mr. Williams details his professional experience (doc. 13, second attachment), accompanied by the Department of Labor's Consumer Price Index (to support of a claim that the rate of inflation justifies an enhanced hourly rate) (id., third attachment), falls short of what Bryant demands.  We must reluctantly agree with our colleagues sitting in the Western Division in this regard.  See, e.g., Brown v. Commissioner of Social Security, No. 1:09-CV-901, 2011 WL 5596918 (S.D. Ohio Nov. 17, 2011) (Weber, S.J.), adopting 2011 WL 5595931 (S.D. Ohio Oct.

7, 2011) (Litkovitz, M.J.); Ball v. Commissioner of Social Security, No. 1:09-CV-684, 2011 WL 4914982 (S.D. Ohio Oct. 17, 2011) (Beckwith, S.J.), adopting 2011 WL 4940782 (S.D. Ohio Sept. 21, 2011) (Litkovitz, M.J.); Delver v. Commissioner of Social Security, No. 1:06-CV-266, 2011 WL 4914875 (S.D. Ohio Oct. 17, 2011) (Weber, S.J.), adopting 2011 WL 4914963 (S.D. Ohio Sept. 9, 2011) (Bowman, M.J.).

We recognize that we previously have awarded fees at an hourly rate of $170.00 to Mr. Williams as counsel for other social security claimants, most recently in Stanley v. Commissioner, No. 1:10-CV-507 (S.D. Ohio Jan. 11, 2012).  We also have reviewed Cowart v. Commissioner of Social Security, in which Magistrate Judge Whalen awarded an hourly rate of $173 for work performed from November 2008 to June 2010.  795 F. Supp. 2d 667, 671 (E.D. Mich. 2011).  Cowart differs from the case at bar, however, because, while the Government opposed a fee award in general, it did not contest the hourly rate requested by counsel. The hourly rate sought by Mr. Williams here has been challenged by the Commissioner, as it was in Stanley, No. 1:10-CV-507 at *3-4  and in Delver, No. 1:06-CV-266, 2011 WL 4914963, at *1 (S.D. Ohio Sept. 9, 2011) (Bowman, M.J.), adopted by 2011 WL 4914875 (S.D. Ohio Oct. 17, 2011) (Weber, S.J.)  Indeed, even without such a challenge, some of our colleagues have proceeded as if Bryant requires them to challenge sua sponte a request for an hourly rate in excess of $125.  See Brown v. Commissioner of Social Security, No. 1:09-CV-

901, 2011 WL 5596918 (S.D. Ohio Nov. 17, 2011) (Weber, S.J.), adopting 2011 WL 5595931 (S.D. Ohio Oct. 7, 2011) (Litkovitz, M.J.); Ball v. Commissioner of Social Security, No. 1:09-CV-684, 2011 WL 4914982 (S.D. Ohio Oct. 17, 2011) (Beckwith, S.J.), adopting 2011 WL 4940782 (S.D. Ohio Sept. 21, 2011) (Litkovitz, M.J.).

To his reply memorandum, counsel appends tear sheets from two different Ohio publications in support of his request for an enhanced fee.  The first, source unknown, indicates that, as of 2004, the average hourly billing rate for an Ohio attorney in practice more than 25 years was $200.00; for an attorney who practices in downtown Cincinnati, apparently irrespective of the number of years in practice, the rate was $213.00.  Given the number of settlement conferences that we have conducted since 2004 using the Lloyd's of London technique, we find these rates to be consistent with those rates represented by counsel to the Court, albeit on the low side.  The second sheet, apparently printed from the Ohio State Bar Association website, indicates that, in 2006, the median hourly billing rate nationwide for equity partners was $305.00.  While we recognize that this information legitimately may have appeared on the OSBA's website, it does not address prevailing rates within any Ohio community, much less in the more narrow Greater Cincinnati or downtown Cincinnati areas.  Nor does it touch on fields of practice or levels of experience.  Accordingly, we

cannot give it any weight.[1]

For purposes of ruling on this motion, we pronounce the first tear sheet to be adequate, but barely.  More helpful to the Court, and in the future what we will require to comport with Bryant, will be affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate.  Most preferable would be the results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice.

**III.  Conclusion**

Having carefully considered this matter, we find reasonable the motion for fees and costs totaling $3,937.00.  Accordingly, we hereby GRANT the Motion by Plaintiff's Attorney for Fees and Costs under Equal Access to Justice Act, 28 U.S.C. Sections 2412(a) and (d) (doc. 13)

Plaintiff's attorney urges us to honor the assignment of

---

[1] Nor can we be influenced by Judge Richard Posner's statements in Mathews-Sheets v. Astrue that an EAJA hourly rate of $125 for work done in 2009 seems "rather chintzy" and "awfully low."  653 F.3d 560, 562, 564 (7th Cir. 2011).  These comments plainly are dicta, as that matter was remanded back to the district court with the instruction to the plaintiff's lawyer "to show that without a cost of living increase that would bring the fee award up to $170 per hour, a lawyer capable of competently handling the challenge that his client mounted to the denial of a social security disability benefits could not be found in the relevant geographical area to handle such a case."  Id. at 565.  Whether we agree with Judge Posner is irrelevant, as he sits on the Seventh Circuit, a court of appeals from which we may draw advisory authority, rather than on the Sixth Circuit, the court of appeals by which we are bound.

benefits signed by Plaintiff, presuming, of course, Mr. Zellner owes no pre-existing debt to the Government so as to run afoul of Ratliff. See Cowart, 795 F. Supp. 2d at 671-72.  We agree that this result is appropriate given the nature of the litigation involved; it is of paramount importance to encourage attorneys to engage in this type of practice so that deserving claimants have access to competent counsel.[2]  Thus, no later than 14 days from the date of this Opinion and Order, the Commissioner will determine whether the Plaintiff owes the Government a pre-existing debt.  If no such debt is owed, then payment of the EAJA fees and costs of $3,937.00 will be made directly to Plaintiff's attorney.  If the Plaintiff does owe a pre-existing debt, the EAJA fees and costs will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

  SO ORDERED.

Dated: January 30, 2012  /s/ S. Arthur Spiegel
           S. Arthur Spiegel
          United States Senior District Judge

---

[2]Not all lower courts are inclined to endorse this procedure, with the concern that it "constitute[s] a determination regarding Plaintiff's contractual obligation to [his] attorney despite the fact that this particular issue is not properly before the Court." Vanderlaan v. Commissioner of Social Security, No. 1:10-CV-858, 2011 WL 4479453, at *2 (W.D. Mich. Sept. 8, 2011).  While we respect this premise, we think it subordinate to the need to stimulate new, as well as continued, practice in this area of law.